UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
HIPOLITO TORRES,                   :   06 Civ. 4058 (BSJ) (JCF)
                                   :
            Petitioner,            :       REPORT AND
                                   :       RECOMMENDATION
     - against -                   :
                                   :
SUPERINTENDENT ERCOLE, Green Haven :
Correctional Facility,             :
                                   :
            Respondent.            :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE BARBARA S. JONES, U.S.D.J.:

     Hipolito Torres brings this petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254, challenging his sentencing
following his conviction of burglary in the second degree in New
York State Supreme Court, New York County.  Mr. Torres argues that
he was improperly adjudicated a persistent violent felony offender
and that his rights to due process and equal protection were
violated when the trial court denied him a hearing to challenge the
enhanced sentence.  The respondent has now moved to dismiss the
petition as untimely.  For the reasons discussed below, I recommend
that the motion be granted.

Background

     In an allocution before Justice Carol Berkman on July 11,
2000, Mr. Torres pled guilty to burglary in the second degree.
(Letter of Alice Wiseman dated July 5, 2005, attached as Exh. H to
Declaration of Frederick H. Wen dated Aug. 23, 2006 ("Wen Decl.")).
He also admitted to two prior violent felony convictions and one

1

non-violent felony conviction: attempted burglary in the second degree on March 6, 1984, burglary in the second degree on May 20, 1988, and attempted burglary in the third degree in August 1995. Mr. Torres waived any constitutional challenges to these convictions. As a result, Justice Berkman adjudicated him a persistent violent felony offender, and she sentenced him to an indefinite term of sixteen years to life imprisonment. (Order dated May 5, 2005 ("5/5/05 Order"), attached as Exh. F to Wen Decl.).

Mr. Torres appealed his conviction to the Appellate Division, First Department, but the parties stipulated to withdrawal of the appeal on May 30, 2002. (Stipulation Withdrawing Appeal, attached as Exh. C to Wen Decl.), People v. Torres, 294 A.D.2d 964, 745 N.Y.S.2d 739 (1st Dep't 2002).

On April 1, 2005, Mr. Torres filed a motion to set aside his sentence pursuant to New York Criminal Procedure Law ("CPL") § 440.20(1). (Notice of Motion Pursuant to CPL § 440.20(1), attached as Exh. E to Wen Decl.).  Mr. Torres argued that his prior convictions did not warrant his adjudication as a persistent violent felony offender because, under People v. Morse, 62 N.Y.2d 205, 476 N.Y.S.2d 505 (1984), a "second offense, to be counted as a predicate, must be committed after sentence was imposed on the first." Id. at 215, 476 N.Y.S.2d at 508-09.[1]  The petitioner also

---

[1] Justice Berkman rejected this argument because the record indicated that Mr. Torres's prior convictions in fact met the sequentiality requirement in Morse.

2

claimed that his due and equal protection process rights were violated because he was denied the opportunity to have a jury consider the basis for his enhanced sentence.[2]  Finally, Mr. Torres claimed ineffective assistance of counsel.  On May 5, 2002, Justice Berkman denied the motion. (5/5/05 Order).

On May 20, 2005, Mr. Torres sought leave to appeal the denial of his § 440 motion. The Appellate Division, First Department denied his application on January 31, 2006.  People v. Torres, 2006 N.Y. App. Div. LEXIS 1561 (1st Dep't 2006).  Thereafter, the New York Court of Appeals also denied the petitioner's application for leave to appeal.  People v. Torres, 6 N.Y.3d 839, 814 N.Y.S.2d 87 (2006).

Mr. Torres delivered the instant petition to prison authorities for mailing on April 14, 2006, and the Pro Se Office of this Court received it on May 18, 2006.  In the petition, he asserts that (1) he was improperly adjudicated a persistent violent felony offender, and (2) the enhanced sentence violated his due process and equal protection rights because he was not permitted to

---

[2]  Mr. Torres based this argument on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), which he misread.  In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added).  Mr. Torres's enhanced sentencing was based solely on his admission that he committed two prior violent felonies; therefore, he was not entitled to a jury determination of his status as a persistent violent felon.

challenge it before a jury.

The respondent moves to dismiss the petition on the ground that it was filed well beyond the one-year statute of limitations prescribed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), 28 U.S.C. § 2244(d)(1)(A).

Discussion

There is no doubt that Mr. Torres's petition is untimely on its face. The one-year statute of limitations in 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The petitioner's direct appeal was withdrawn on May 30, 2002. People v. Torres, 294 A.D.2d at 964, 745 N.Y.S.2d at 739. Even if the withdrawal of his appeal had itself been appealable, Mr. Torres was required to seek leave to appeal to the New York Court of Appeals within thirty days. See Letlow v. Sabourin, No. Civ. 01-

0103, 2003 WL 21919430, at *2 (E.D.N.Y. April 14, 2003)("Direct review of [the petitioner's] conviction concluded when his appeal was withdrawn on April 30, 1998; even if one treats the withdrawal order as appealable, and adds an additional thirty days during which [the petitioner] could have sought leave to appeal to the Court of Appeals, his conviction was final by May 30, 1998."). He did not do so. Thus, the one-year limitations period established by 28 U.S.C. § 2244(d)(1)(A) expired on June 29, 2003, at the latest. Mr. Torres did not file his petition until nearly three years later. While the one-year limitations period may be suspended while properly filed applications for relief are pending in state court, Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), Mr. Torres filed his § 440 motion on April 1, 2005, almost two years after the AEDPA limitations period expired. Therefore, the pendency of the § 440 motion did not toll the statute of limitations. See Dunbar v. Allard, No. 05 Civ. 1824, 2005 WL 1979166, at *3 (S.D.N.Y. Aug. 16, 2005)(petitioner's § 440 motion did not toll the statute of limitations where it was filed well after the limitations period had expired).

Because the AEDPA's time limit is a statute of limitations and not a jurisdictional bar, it is subject to equitable tolling. See Smith, 208 F.3d at 17. The limitations period will be tolled only in "rare and exceptional circumstances." Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (quoting Smith, 208 F.3d at 17). The

petitioner must demonstrate that "he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented" him from filing a timely petition. Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (internal quotations omitted); see also Valverde, 224 F.3d at 134.

Mr. Torres has not suggested any basis for equitable tolling. He asserts no reasonable diligence or "rare and exceptional circumstances" beyond his control that would excuse late filing. Therefore, he is not entitled to equitable tolling, and his petition must be dismissed as untimely.

Conclusion

For the reasons set forth above, I recommend that the respondent's motion be granted and that the petition be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Barbara S. Jones, Room 620, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           April 11, 2007

Copies mailed this date:

Hipolito Torres
00-A-4323
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

Frederick H. Wen, Esq.
Assistant Attorney General
120 Broadway
New York, New York 10271

7