UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
                               :
HIPOLITO TORRES,               :
                               :
             Petitioner,       :
                               :      06 Civ. 4058 (BSJ)(JCF)
          v.                   :      **Memorandum & Order**
                               :
SUPERINTENDENT ERCOLE,         :
Green Haven Correctional       :
Facility,                      :
                               :
             Respondent.       :
-------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

COPY MAILED/FAXED TO:
COUNSEL FOR PLTFF(S):
COUNSEL FOR DFT(S):
PLTFF PRO SE:
DFT PRO SE:
DATE: 7/28/09
BY:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/09

Before the Court is the petition of Hipolito Torres

("Petitioner" or "Torres") for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254.  In a Report and Recommendation dated April

11, 2007, Magistrate Judge James C. Francis IV recommended that

Torres's Petition be denied.  For the following reasons, the

Court adopts Judge Francis's Report and Recommendation in its

entirety and DENIES Torres's Petition.

### BACKGROUND

Petitioner pled guilty to one count of burglary in the

second degree in New York State Supreme Court, New York County.

(Wen Decl. Ex. F at 1; Pet. at 1.)  After finding Petitioner to

be a persistent felony offender, the court sentenced him to an

indefinite prison term of sixteen years to life on July 26,

2000.  (Wen Decl. Ex. F at 1.)

1

Petitioner appealed his conviction to the Appellate Division, but withdrew the appeal on May 30, 2002.  See People v. Torres, 745 N.Y.S.2d 739 (App. Div. 2002); Wen. Decl. Ex. C, D.  On April 1, 2005, Torres filed a motion to set aside his sentence pursuant to § 440.20(1) of the New York Criminal Procedure Law; that motion was denied by the New York Supreme Court on May 5, 2005.  (Wen. Decl. Ex. F, G.)  Torres then sought leave to appeal the denial of his § 440 motion, and his application was denied by the Appellate Division on January 31, 2006.  See People v. Torres, 2006 N.Y. App. Div. LEXIS 1561 (2006); Wen Decl. Ex. I.  Petitioner's application for leave to appeal was subsequently denied by the New York Court of Appeals. See People v. Torres, 6 N.Y.3d 839 (2006).

On April 14, 2006, Torres filed the instant petition for habeas relief.  Upon the filing of Torres's Petition, the Court referred the case to Magistrate Judge Francis for a Report and Recommendation.  On April 11, 2007, Magistrate Judge Francis issued such a report recommending the denial of Torres's Petition on the grounds that it is barred by the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A).

**LEGAL STANDARD**

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or

2

modify [them] in whole or in part."   28 U.S.C. § 636(b)(1)(C).

The Court reviews de novo any portions of a Magistrate Judge's

Report and Recommendation to which a petitioner has stated an

objection.   28 U.S.C. § 636(b)(1)(C); see United States v. Male

Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).   "Where no objections

are filed, or where the objections are 'merely perfunctory

responses, argued in an attempt to engage the district court in

a rehashing of the same arguments set forth in the original

petition,' the court reviews the report for clear error."   Brown

v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y.

Dec. 29, 2006) (quoting Gardine v. McGinnis, No. 04 Civ. 1819,

2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)).

## DISCUSSION

Petitioner has presented no objections to Magistrate Judge

Francis's Report.   However, it appears that Petitioner submitted

to Judge Francis a reply brief that — because of the date on

which it was received by the Court — was not considered by Judge

Francis before he issued his Report and Recommendation.[1]

Accordingly, the Court now considers the relevant arguments

raised by Petitioner in that reply.

---

[1] More specifically, on December 15, 2006, Magistrate Judge Francis issued an
order directing Petitioner to submit any reply to Respondent's Opposition to
Torres's Petition for a Writ of Habeas Corpus on or before January 15, 2007.
(See Order Dated Dec. 15, 2006.)   Petitioner composed such a reply on January
11, 2007.   (See Petitioner's Letter Dated Jan. 11, 2007.)   For reasons that
are unclear to the Court, however, Petitioner's reply was only filed with the
Clerk's office on April 12, 2007, the date after Magistrate Judge Francis
issued his Report and Recommendation.

The AEDPA creates a one-year limitations period in which state prisoners can file applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year limitations period usually starts to run when the state criminal judgment becomes final or the time period for seeking direct review expires, and is tolled during the pendency of a state collateral proceeding. 28 U.S.C. § 2244(d)(1)-(2). Equitable tolling of the AEDPA's one year statue of limitations is available "only in the 'rare and exceptional circumstance[].'" Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999)) (alteration in original). In order to equitably toll the limitations period, a petitioner must show that "extraordinary circumstances prevented him from filing his petition on time" and demonstrate that he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000).

In this case, the Court agrees with the Report and Recommendation that Torres's Petition is barred by the AEDPA's statute of limitations. Petitioner withdrew his direct appeal on May 30, 2002. Torres, 745 N.Y.S.2d at 739. Even if the withdrawal of an appeal is appealable, petitioner was required to seek leave to appeal to the New York Court of Appeals within thirty days. See Letlow v. Sabourin, No. Civ. 01-0103 (LBS),

4

2003 WL 21919430, at *2 (E.D.N.Y. Apr. 14, 2003).  Petitioner

failed to seek such leave, and, thus, the AEDPA's limitation

period began to run in June of 2002 and expired in June of 2003.

Torres filed the instant Petition, however, on April 14, 2006,

almost three years after the AEDPA's statute of limitations had

run.

In his reply, Petitioner asserts that he failed to file his

Petition on time because he "had on-going assistance from a[]

law library clerk . . . but such assistance was released on

parole during the preparation[] of petitioner's claims."

(Petitioner's Letter Dated Jan. 11, 2007 at 2.)  Petitioner

states that when the law library clerk was paroled, Petitioner

was unable to properly prepare the rest of his claims because he

is unfamiliar with legal research and procedures.  (Petitioner's

Letter Dated Jan. 11, 2007 at 2.)  The Court interprets these

statements as an argument that because the law library clerk

assisting Petitioner was paroled and because Petitioner lacks

knowledge of the law, the AEDPA's statute of limitations should

be equitably tolled.  These assertions, however, do not provide

a sufficient basis for equitable tolling.[2]  Courts have

repeatedly found that a lack of legal knowledge and

---

[2] The Court also notes that Petitioner's filing of his § 440 motion does not toll the AEDPA's statue of limitations in this case because that motion was filed on April 1, 2005, almost two years after the AEDPA limitations period expired.  See Dunbar v. Allard, No. 05 Civ. 1824 (TPG)(TS), 2005 WL 1979166, at *3 (S.D.N.Y. Aug. 16, 2005).

unfamiliarity with legal procedures regarding petitions for

habeas relief does not constitute an "extraordinary

circumstance."   See, e.g., Martinez v. Kuhlmann, No. 99 Civ.

1094 (MBM), 2000 WL 622626, at *3 (S.D.N.Y. May 15, 2000) ("to

permit equitable tolling in all cases involving such problems

would frustrate the statute's [AEDPA's] objectives, because many

inmates could make the same claims."); see also Fennell v.

Artuz, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998).  Accordingly,

the Court finds that Petitioner has not set forth a sufficient

basis for equitable tolling.  Torres's Petition is thus is

barred by the AEDPA's one-year statue of limitations.

### CONCLUSION

For the foregoing reasons, the Court adopts the Report and

Recommendation of Magistrate Judge Francis in its entirety and

DENIES Torres's Petition for a Writ of Habeas Corpus.  Because

Torres has not made a substantial showing of the denial of a

constitutional right, a certificate of appealability will not

issue.  28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d

1011 (2d Cir. 1997), abrogated on other grounds by United States

v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).  Pursuant to 28

U.S.C. § 1915(a)(3), any appeal taken from this Order would not

be taken in good faith.  The Clerk of the Court is directed to

close this case.

**SO ORDERED:**

BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**

Dated:     New York, New York
           July 28, 2009